**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE FLAHERTY,

               Plaintiff,

      -v-

JASON FILARDI, GEORGE N. TOBIA, JR., BURNS
AND LEVINSON, LLP, HYDE PARK ENTERTAINMENT,
ASHOK AMRITRAJ, DAVID HOBERMAN, TODD
LIEBERMAN, WALT DISNEY COMPANY, BUENA
VISTA MOTION PICTURES COMPANY, TOUCHSTONE
PICTURES, BUNGALOW 78 PRODUCTIONS, THE
KUSHNER-LOCKE COMPANY, MEESPIERSON FILM CV,
WMG FILM, JANE BARTELME, COOKIE CAROSELLA,
DANA OWENS d/b/a/ QUEEN LATIFAH, and DOES 1
THROUGH 10, inclusive,

               Defendants.

No. 03 Civ. 2167 (LTS)(HBP)

---

OPINION AND ORDER

APPEARANCES:

MARIE FLAHERTY, ESQ.
  1 Stuyvesant Oval, #12G
  New York, New York 10009


*Plaintiff Pro Se*

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
  By:  Jeffrey A. Conciatori, Esq.
  335 Madison Avenue, 17th Floor
  New York, New York 10017

*Attorneys for Defendants the Walt Disney
Co., Buena Vista Motion Pictures Group,
Touchstone Pictures, Hyde Park Ent., Jason
Filardi, Ashok Armitraj, David Hoberman,
Todd Lieberman and Dana Owens*

SHERIN AND LOGIN, LLP
  By:  Robert J. Muldoon, Jr., Esq.
  101 Federal Street
  Boston, Massachusetts 02110

*Attorneys for Defendants George N. Tobia,
Jr. and Burns & Levinson, LLP*

LAURA TAYLOR SWAIN, United States District Judge

Copies mailed **counsel**
Chambers of Judge Swain **1.24.07**

Plaintiff Marie Flaherty ("Plaintiff" or "Flaherty"), appearing pro se, brings this action alleging that Defendants Jason Filardi ("Filardi"), George N. Tobia, Jr., Esq. ("Tobia"), Burns and Levinson, LLP ("B&L"), Hyde Park Entertainment ("Hyde Park"), Ashok Amritraj ("Amritraj"), David Hoberman ("Hoberman"), Todd Lieberman ("Lieberman"), the Walt Disney Company ("Disney"), Buena Vista Motion Pictures Group ("Buena Vista"), Touchstone Pictures ("Touchstone"), Bungalow 78 Productions ("Bungalow 78"), the Kushner-Locke Company ("Kushner-Locke"), Meespierson Film CV ("Meespierson"), WMG Film ("WMG"), Jane Bartelme ("Bartelme"), Cookie Carosella ("Carosella"), Dana Owens d/b/a Queen Latifah ("Owens"), and Defendants sued as Does 1 through 10 (collectively, "Defendants") infringed Plaintiff's copyright in her screenplay, "Amoral Dilemma," in creating the movie "Bringing Down the House," in violation of 17 U.S.C. § 101 et seq. Before the Court are: Plaintiff's motion for reconsideration of the Court's September 14, 2005, Opinion and Order; her motion for partial summary judgment; and her motion to amend her Complaint; the motion of Defendants Filardi, Tobia, B&L, Amritraj, Hoberman, Lieberman, Disney, Buena Vista, Touchstone, Hyde Park and Owens (collectively, the "Moving Defendants") to strike certain elements of Plaintiff's evidentiary proffers; and Plaintiff's corresponding cross-motion to strike certain of Defendants' filings in connection with the partial summary judgment motion.

The Court has subject matter jurisdiction of Plaintiff's copyright claims pursuant to 28 U.S.C. sections 1331, 1338(a), and 1338(b), and of the various state law claims pursuant to 28 U.S.C. section 1367.

The Court has considered carefully all of the submissions made in connection with these motions. The pending motions are resolved as follows. Plaintiff's motion for

reconsideration and reargument is denied in its entirety. The Moving Defendants' motion to strike is denied. Plaintiff's cross-motion to strike is denied. Plaintiff's motion for partial summary judgment is denied with respect to all Defendants except for George Tobia, against whom it is granted on the issue of access. Plaintiff's motion to amend her Complaint is granted.

## BACKGROUND

Familiarity with the background of the instant case, which is detailed in the Court's September 14, 2005 decision, is presumed. See Flaherty v. Filardi, 388 F. Supp. 2d 274 (S.D.N.Y. 2005).

## DISCUSSION

### A.    Plaintiff's Motion for Reconsideration

Under Rule 59(e) of the Federal Rules of Civil Procedure, "[t]he standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Southern District of New York Local Civil Rule 6.3 imposes the same standard for reconsideration motions. In re Otal Investments Ltd., No. 03 Civ. 4303 (HB), 2006 WL 895212, at *1 (S.D.N.Y. Apr. 7, 2006).

Rule 59(e) "is to be narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been fully considered by the court." Id. (quoting Anglo
American Ins. Group v. Calfed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)). Additionally, "a
motion for reconsideration is appropriate only where the movant demonstrates that the Court has
overlooked controlling decisions or factual matters that were put before it on the underlying
motion . . . and which, had they been considered, might have reasonably altered the result before
the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y.
2000) (emphasis and alteration in original, citation and internal quotation marks omitted).

Here, Plaintiff makes several arguments for reconsideration. First, she argues that
the Court erred in "allowing Defendants to move solely on their attorney's affidavit and an
improper Rule 56.1 Statement." Second, she argues that the Court overlooked controlling law by
failing to consider similarities in favor of the non-moving party. Third, she argues that the
Opinion overlooked Defendants' alleged concession of access. Fourth, she argues that the Court
erred in its analysis of her derivative work claim. Fifth, she asks the Court to reconsider its
dismissal of her Lanham Act claim. Sixth, she argues that the Court misapplied relevant
copyright infringement tests, including the "total concept and feel test," and the "ordinary
observer" test. Finally, she argues that the Court overlooked her quantum meruit and unjust
enrichment claims as being plead in the alternative.

None of Plaintiff's arguments meets the strict reconsideration standard. Plaintiff's
arguments are, for the most part, merely attempts at relitigating issues already addressed by the
Court, or are invocations of authority that is either irrelevant or does not warrant any change to
the Court's prior conclusions. For example, Plaintiff cites the principle that it is "well settled
that an attorney affidavit, which is based not on the attorney's actual personal knowledge and

does not contain any sworn factual averments by anyone with actual personal knowledge, cannot be the sole factual support on summary judgment," (Pl.'s Mem. of Law in Supp. of Pl.'s Mot for Recons. of the Sept. 14, 2005 Order Granting Defs.' Partial Summ. J. ("Pl.'s Recons. Mem") [corrected version] at 7.). As is made plain by the Opinion, however, the Court did not rely solely on attorney affidavits in reaching its decision on the earlier motion.

Plaintiff makes other arguments that mischaracterize the Opinion. For example, she claims that the Opinion only made reference to the differences in the works and focused solely on the different genres of the works, thus "completely overlook[ing] material similarities." (Pl.'s Recons. Mem. 9.) However, the Opinion discusses the allegedly material similarities in a section entitled "Alleged similarities":

> [i]n the Complaint, Plaintiff lists twelve 'striking similarities' which she asserts can only be the result of the copyright infringement of her screenplay. (Compl. ¶ 100.) However, even viewed in the light most favorable to Plaintiff, her asserted similarities either involve general non-copyrightable elements that flow from 'scenes a faire,' or are de minimis such that, even if they are similar, they are not sufficient to establish copyright infringement.

Flaherty, 388 F. Supp. 2d at 289 (emphasis added).

Plaintiff also argues that the Court failed "to consider Defendants' concession of both access and factual copying in its analysis." (Pl.'s Recons. Mem. 14.) However, the Opinion clearly recognizes that "[f]or purposes of the motion practice, the Moving Defendants concede access to Plaintiff's screenplay and do not contest her ownership of a valid copyright in that screenplay" (Flaherty, 388 F. Supp. 2d at 278), that "the Moving Defendants concede, for purposes of the instant summary judgment motion, that they had access to Plaintiff's screenplay," (id.), and that "[f]or purposes of the instant summary judgment motion, Defendants concede

access to Plaintiff's screenplay and also concede that she owns a valid copyright on her screenplay, 'Amoral Dilemma.' . . . The relevant inquiry, therefore, is whether 'Bringing Down the House' contains elements which bear substantial similarity to protected elements of 'Amoral Dilemma.'" Id. at 286 (emphasis added). Plaintiff's attempts to relitigate arguments addressed in the Opinion are an inappropriate basis for reconsideration.

Plaintiff fails to point to new evidence or controlling case law that would warrant revisitation of the Court's original determinations. She, for instance, cites to Castle Rock Ent., Inc. v. Carol Pub. Group, Inc., 150 F.3d 132 (2d Cir. 1998) for the proposition that the "total concept and feel" test is an inappropriate one in "assessing derivative works of a different genre and medium." (Pl.'s Recons. Mem. 23.) However, the Court addressed Castle Rock in the Opinion, noting that:

> [t]he distinction in Castle Rock Entertainment, however, was made in the context of the question of whether a trivia quiz book based on the television show, 'Seinfeld,' infringed the show's copyright. The Second Circuit found that the differences between the two types of works, the quiz book and the television show, made a 'quantitative/qualitative' approach to the analysis more appropriate. 150 F.3d at 138. Here, Plaintiff's claim is based on a screenplay that was intended to be made into a movie and is properly assessed by reference to an ordinary observer's likely perception of similarities between the two works.

Flaherty, 388 F. Supp. 2d at 287, n.5.

In sum, because Plaintiff has failed to point to controlling decisions or overlooked evidence that might reasonably be expected to alter any of the conclusions reached by the Court, her motion for reconsideration is denied in its entirety.

B.    Motions to Strike in Connection with Plaintiff's Motion for Partial Summary

Judgment

In connection with Plaintiff's Motion for Partial Summary Judgment (discussed below), Moving Defendants argue that 23 paragraphs of Plaintiff's affirmation in support of her motion for partial summary judgment, along with Exhibit A, should be stricken because they: (1) are not based on Plaintiff's personal knowledge, (2) contain inadmissible hearsay, and (3) contain conclusory arguments rather than facts.

Plaintiff cross-moves for an order striking various declarations and memoranda of law because they are signed by attorneys not of record in this action and/or not admitted to practice in this District. Plaintiff further argues that Defendants' S.D.N.Y. Local Civil Rule 56.1 Statement "should be stricken because it ignores facts, doesn't refer to admissible evidence, includes narrative without references to admissible evidence and Defendants dispute Plaintiff's factual assertions primarily by referring to sections of its counterstatement." (Pl.'s Mem. of Law in Supp. of Pl.'s Cross-Mot. to Strike and in Opp. to Defs.' Jt. Mot. to Strike ("Pl.'s Mem.") 1.) Plaintiff also asks for "attorneys fees, costs, expenses and such other and further relief as the Court deems just and proper." (Id. 7.)

### 1. Moving Defendants' Motion to Strike

Federal Rule of Civil Procedure 56(e) provides in relevant part that, in connection with a motion for summary judgment, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Second Circuit has explained that "a court may . . . strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and

conclusory statements."  Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999)

(abrogated on other grounds by Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000)) (citing

United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc. 44 F.3d 1082, 1084 (2d

Cir. 1995)).  The Hollander Court held that the district court had acted within its discretion by

striking portions of an affidavit that the district court had described as "more resembl[ing] an

adversarial memorandum than a *bona fide* affidavit."  Hollander, 172 F.3d at 198 (emphasis in

original).

   "Alternatively, a court may, in considering a motion for summary judgment,

simply decline to consider those aspects of a supporting affidavit that do not appear to be based

on personal knowledge or are otherwise inadmissible."  Doe v. The National Board of Podiatric

Medical Examiners, No. 03 Civ. 4034 (RWS), 2004 WL 912599, at *4 (S.D.N.Y Apr. 29, 2004)

(citing Private Sanitation Industry, 44 F.3d at 1084).  See also Wyler v. U.S., 725 F.2d 156, 160

(2d Cir. 1983) ("An affidavit of the opposing party's attorney which does not contain specific

facts or is not based on first-hand knowledge is not entitled to any weight.").

   "The test for admissibility is whether a reasonable trier of fact could believe the

witness had personal knowledge."  Searles v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461

(S.D.N.Y. 2000).  "The lack of certain specific details or arguably vague statements will not

render the affidavit inadmissible, but affect the weight and credibility of the testimony, which

have to be determined by the trier of fact at trial."  Zakre v. Norddeutsche Landesbank

Girozentrale, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005).

   This Court will disregard those portions of Plaintiff's submission which are

inappropriate, but will not expend limited judicial resources scrutinizing each line, especially in

light of the fact that the Court concludes that the admissibility of Plaintiff's Affirmation does not affect the resolution of her motion for partial summary judgment, which is discussed below. Thus, "[i]n this opinion, any inappropriate portions of the Plaintiffs submissions have been disregarded, and this Court's analysis relies upon admissible evidence." DeSimone v. JP Morgan/Chase Bank, No. 02 Civ. 7039 (RPP), 2004 WL 2978011, at *4 (S.D.N.Y. Dec. 22, 2004). See also Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 569 (E.D.N.Y. 1999) (stating that, "[r]ather than scrutinizing each line . . . and discussing whether they contain conclusory allegations, legal arguments, or hearsay . . . the Court, in its analysis of the motion for summary judgment, will only consider relevant evidence that is admissible."). Accordingly, the Defendants' motion to strike the Plaintiffs Affirmation in part is denied.

### 2. Plaintiff's Cross-Motion to Strike

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name." Plaintiff seeks an order striking affidavits and memoranda signed by certain defense attorneys. Defendants argue that the attorneys whose filings Plaintiff challenges - - Jonathan Oblak, Margaret H. Paget and Katy E. Koski -- are attorneys who have been with the various law firms representing Defendants since Defendants filed their answers. (Defs.' Joint Reply in Supp. of Mot. to Strike Pl.'s Aff. and Joint Opp. to Pl.'s Cross-Mot. to Strike ("Defs.' Reply") 3.) Fed. R. Civ. P. 7 (b)(3) provides that all motions should be signed in accordance with Rule 11.

Ms. Paget and Ms. Koski are both listed on the docket in this case as defense

attorneys of record, and both have sought and been granted permission to appear pro hac vice. It
appears that this Court has no uniform formal procedure that an attorney is required to follow to
be listed on the docket after the initial pleadings have been filed in a case, such as this, that is not
maintained in the Case Management/Electronic Case Filing System.[1] Mr. Oblak, who appears to
have been admitted to practice in this Court since 2004, signed a declaration. As he is a duly-
admitted attorney with a firm that was counsel of record at the time the declaration was filed, the
Court sees no proper basis for striking his submission. Plaintiff's cross-motion is, accordingly,
denied.

      C.     Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks partial summary judgment on two issues: her ownership of a valid
copyright and "access" to her copyrighted work for purposes of analysis of the copyright
infringement claims asserted in counts 1-4 of her first amended complaint. The earlier opinion in
this case dismissed Counts 1-4 as against the Moving Defendants insofar as the copyright claims
in those counts are premised on similarities between the finished motion picture "Bringing Down
the House" and Plaintiff's screenplay. For the reasons explained earlier, Plaintiff's motion for
reconsideration of that decision is denied. Thus, the only issues surviving as to Claims 1-4 are
those relating to Plaintiff's claims concerning earlier drafts of the screenplay.

Summary judgment is appropriate only when the submissions of the parties, taken
together, "show that there is no genuine issue as to any material fact and that the moving party is

---

[1]     The CM/ECF system apparently permits attorneys to add their names to the
docket when filing papers in a case.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must "view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in its favor." Amer. Casualty Co. v. Nordic Leasing, Inc., 42 F.3d 725, 728 (2d Cir. 1994).

Nevertheless, to defeat a motion for summary judgment, "[o]nce the moving party has come forward with support in the form of the pleadings, depositions, interrogatory answers, admissions or affidavits that no genuine issue of material fact remains to be tried, the opposing party has the burden of providing similar support setting forth specific facts about which a genuine triable issue remains." Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 (2d Cir. 1989). A party opposing a motion for summary judgment "may not rest on the pleadings, but must further set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions showing a genuine issue exists for trial." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56 (c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

### 1. *Ownership of a Valid Copyright*

Plaintiff cites to Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992) for the proposition that the Copyright Act makes a certificate of registration from the U.S. Register of Copyrights prima facie evidence of the valid ownership of a copyright. Plaintiff argues that her copyright registration certificate "constitutes prima facie evidence that Plaintiff Flaherty is the author of and owns the copyrights in *Amoral Dilemma*." (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Partial Summ. J. ("Pl.'s Summ. J. Mem.") 9.) Defendants argue that the version of Plaintiff's screenplay that she provided to Defendant Tobia was not registered with the copyright

Case 1:03-cv-02167-LTS-HBP   Document 185   Filed 01/24/07   Page 12 of 16

office in 2000, as the First Amended Complaint suggests. Rather, it was registered on June 17, 2003, three months after the release of "Bringing Down the House." Defendants argue that, because Plaintiff "has not taken the basic step of identifying which of her screenplays corresponds to the two proffered copyright registrations," and because she has given "deposition testimony that directly contradicts the allegations in her [first amended complaint,]" her motion should fail. (Defs.' Joint Opp. to Pl.'s Mot. for Partial Summ. J. ("Defs.' Summ. J. Opp.") 11.) Defendants assert that "[u]ntil Defendants have had the opportunity to obtain certified copies of Plaintiff's copyright registrations and the 'deposit copies' submitted with each registration application, a process that is currently underway, summary judgment on this issue is premature." (Id. 11.)

Until Plaintiff has identified which of her screenplays was registered with the U.S. Register of Copyrights, and when, it is premature for the Court to grant her summary judgment on this issue on the basis of her certificates of registration, as it cannot be said that there is no genuine issue as to any material fact. Therefore, her motion for summary judgment is denied as to the issue of her valid ownership of a copyright.

### 2. *Access*

Plaintiff alleges that Defendant Tobia obtained a copy of her screenplay from Plaintiff, and that he shared this work with the other Defendants. She argues that since "direct evidence [of access] is usually rare, where it is lacking and to support a finding of access on a motion for summary judgment, a plaintiff is not required to show or prove that a defendant actually read her script; the plaintiff need only show a reasonable possibility of access, i.e.

FLAHERTY 5 MOTION.WPD    VERSION 1/24/07                                                                    12

defendants had an opportunity to view or copy her protected work work [sic]." (Pl.'s Summ. J.

Mem. 8.) Plaintiff cites to Gaste v. Kaiserman, 863 F.2d 1061, 1067 (2d Cir. 1988) for the

proposition that "[a]ccess through third parties connected to both a plaintiff and a defendant may

be sufficient to prove a defendant's access to a plaintiff's work." Plaintiff's reliance on Gaste in

seeking summary judgment is, however, misplaced, as Gaste chiefly recognizes that third-party

access evidence can support a finding of access. The court's decision in that case does not

compel such a finding as a matter of law at the summary judgment stage. Indeed, here the

Defendants have proffered evidence denying that anyone other than Tobia was provided with

access to Plaintiff's work. (See Decl. of George N. Tobia, Jr. in Opp. to Pl.'s Mot. for Partial

Summ. J. at 1-2 (stating that he never read Ms. Flaherty's screenplay, never discussed it with

Filardi or any other Defendants and never gave a copy to Filardi or any other Defendants); Decl.

of Defendant Jason Filardi in Opp. to Pl.'s Mot. for Partial Summ. J. at 2 (stating that he

conceived the basic plot premise for his screenplay prior to learning about Plaintiff and her

screenplay in connection with this lawsuit); Decl. of Jason Reed in Opp. to Pl.'s Mot. for Partial

Summ. J. at 3 (stating that no one at the Walt Disney Company was aware of any screenplay by

Plaintiff); Decl. of Defendant Ashok Armitraj in Opp. to Pl.'s Mot. for Partial Summ. J. at 1-2

(stating that he never viewed nor had in his possession any screenplay by Plaintiff, and that he

did not discuss it with anyone); Decl. of Defendant Todd Lieberman in Opp. to Pl.'s Mot. for

Partial Summ. J. (same); and Decl. of Defendant David Hoberman in Opp. to Pl.'s Mot. for

Partial Summ. J. (same)).

   Thus, Defendants have "set forth specific facts in the affidavits, depositions,

answers to interrogatories, or admissions showing a genuine issue exists for trial." Cifarelli, 93

F.3d at 51. Plaintiff's motion for partial summary judgment on the issue of access is denied,

except as to Defendant Tobia, whom Defendants concede was in receipt of the second of

Plaintiff's screenplays at the relevant time. See Defendants' Joint Response to Pro Se Plaintiff's

Local Rule 56.1 Statement of Material Facts Not in Dispute ¶¶ 9-12; see also Decl. of George N.

Tobia, Jr. in Opp. to Pl.'s Mot. for Partial Summ. J. 1.


      D.     Plaintiff's Motion to Amend

Plaintiff seeks to file a second amended complaint to identify Does 1-5 as 7th

Cavalry Productions, Inc.; Big House Productions, Inc.; The Writers Guild of America, West;

Peter Filardi; and Disney Enterprises, Inc. She also seeks leave to refer to what she characterizes

as the subsequent registered derivative work "Amoral Dilemma," and to correct the name of the

Walt Disney Company.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a

complaint "shall be freely given when justice so requires." Courts generally grant leave to

amend in the absence of "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to

the opposing party by virtue of allowance of the amendment." Foman v. Davis, 371 U.S. 178,

182 (1962). Courts have discretion to deny leave to amend "where the motion is made after an

inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would

prejudice the [non-moving party]." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d

Cir.1990). Rule 21 of the Federal Rules of Civil Procedure provides in relevant part that

"[p]arties may be dropped or added by order of the court on motion by any party . . . at any stage

of the action and on such terms as are just." Plaintiff asserts in her affirmation in support of her

motion to file a second amended complaint that the identities of some of the parties she seeks to

add have only recently become known to her. (Pl. Aff. 5.)

Defendants argue that the amendments should not be allowed because they would

result in undue delay, stating that Plaintiff has not pursued diligently her claims in this matter but

has instead engaged in "vexatious" motion practice and that she has offered no reason for

delaying until this point to amend her complaint. For example, they argue that Plaintiff has

known since several years prior to the inception of this suit that Peter Filardi is Jason Filardi's

older brother and that he had also been represented by Defendant Tobia. Defendants also argue

that her motion to amend the Complaint to refer to a version of "Amoral Dilemma" that she

registered in 2003 is made in bad faith. Defendants further argue that the addition of the five

defendants would be futile, and that would not be productive to correct the name of the

Defendant the Walt Disney Company. Finally, Defendants argue that they would be unduly

prejudiced if Plaintiff is permitted to amend her complaint.

The Court will grant Plaintiff's motion in part. Although it may be that her

attempt to assert claims against some or all of the new Defendants may be futile, such issues may

be framed more precisely, if necessary, through future motion practice. Plaintiff may assert the

relevant remaining claims in this action[2] against 7th Cavalry Productions, Inc.; Big House

---

[2]     In light of the Court's 2005 Opinion granting Defendants' partial summary
        judgment motion and the denial of Plaintiff's motion for reconsideration of that
        decision, Plaintiff cannot assert in the amended complaint any federal claims
        premised on similarity between her screenplay(s) and the finished motion picture
        "Bringing Down the House" or authorship of the finished motion picture
        "Bringing Down the House."

Productions, Inc.; The Writers Guild of America, West; Peter Filardi; and Walt Disney Enterprises. She will also be allowed to correct the name of the Walt Disney Company. Finally, she is permitted leave to refer to what she characterizes as a subsequent derivative work created in 1999 and registered in 2003, titled "Amoral Dilemma." Any second amended Complaint must be served on all Defendants and filed with the Court no later than 25 days from the date of this Opinion and Order.

## CONCLUSION

For the reasons explained above, the pending applications are resolved as follows. Plaintiff's motion for reconsideration and reargument (docket entry # 89) is denied in its entirety. Defendant's motion to strike (docket entry # 117) is denied. Plaintiff's cross-motion to strike (docket entry # 128) is denied. Plaintiff's motion for partial summary judgment (docket entry # 106) is denied with respect to all Defendants except for George Tobia, against whom it is granted on the issue of access only. Plaintiff's motion to amend (docket entries # 132 and 136) is granted in part. Any amended Complaint must be served on all Defendants and filed with the Court no later than 25 days from the date of this Opinion and Order.

SO ORDERED.

Dated: New York, New York
    January 24, 2007

LAURA TAYLOR SWAIN
United States District Judge

FLAHERTY 5 MOTION.WPD    VERSION 1/24/07                                    16