ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIE FLAHERTY,

           Plaintiff,

-v-

JASON FILARDI, et al.,

           Defendants.

No. 03 Civ. 2167 (LTS)(HBP)

## ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND FOR STAY

       Pro se Plaintiff in the above-captioned matter, by Proposed Order to Show Cause[1] filed April 10, 2007, moves, pursuant to 28 U.S.C. § 1292(b), for certification of an immediate appeal of three of the Court's Orders: (1) the Court's September 24, 2003 Stay of Discovery; (2) the Court's September 14, 2005, Opinion and Order granting partial summary judgment in favor of Defendants, denying Plaintiff's Rule 56 Request for Discovery, overruling Plaintiff's objections to Magistrate Judge Pitman's September 24, 2003 Order, and overruling Plaintiff's motion to disqualify an attorney; and (3) the Court's January 24, 2007, Opinion and Order denying Plaintiff's motion for reconsideration of the September 14, 2005 Order, partially denying Plaintiff's motion for summary judgment and partially denying Plaintiff's motion to file a second amended complaint and add new parties. Plaintiff also seeks a stay of the proceedings. Familiarity with the aforementioned Opinions and Orders is presumed.

       The Court has considered thoroughly all of the parties' submissions in support of and in opposition to these requests. For the reasons that follow, Plaintiff's motion is denied.

---

[1] The Court endorsed the proposed order in relevant part as follows: "The foregoing application for an Order to Show Cause is DENIED, and shall be treated as a Notice of Motion."

Faxed
Copies mailed Pro Se Pltf. + counsel for Ds
Chambers of Judge Swain + MJ  6.26.07

Although the general rule in federal courts is that appeals lie only from final decisions of district courts (see 28 U.S.C.A. § 1291 (West 2000)), title 28 of the United States Code grants the courts of appeals jurisdiction of certain interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, he shall so state in writing in such order.

28 U.S.C.A. § 1292(b) (West 1993). Upon such certification, the court of appeals has discretion to permit an appeal to be taken from the order. Id. "Interlocutory appeals under [this section] are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (second alteration in original) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (collecting cases)). District courts are urged to "exercise great care in making a § 1292(b) certification." Westwood Pharms., Inc. v. Nat'l Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir. 1992).

The district court has discretion in determining whether the three conjunctive requirements of section 1292(b) have been met. See Martens, 238 F. Supp. 2d at 599; see also German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied."). In determining whether the issue satisfies the first element of the test because it involves a "controlling question of

law," district courts may consider whether reversal could result in dismissal of the action or significantly affect the posture of the case. Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). "A question of law may also be controlling if it substantially affects a large number of cases." Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.), 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996) (citing Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 100 (S.D.N.Y. 1995)). As to the second element, "[a] mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion." Wausau Bus. Ins., 151 F. Supp. 2d at 491. In determining whether the third requirement has been satisfied, district courts should consider whether an appeal would "literally accelerate the action as a whole." Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 100 (S.D.N.Y. 1995) (citation omitted).

Here, the Plaintiff seeks to certify 13 separate questions for appeal,[2] none of which

---

[2] The Plaintiff seeks to certify the following questions (capitalization and punctuation Plaintiff's own):

A. Whether the Court Erred in Failing to Apply Judicial Estoppel in a Copyright Case which would have Prevented Defendants from Reneging on Concessions to Validity of Plaintiff's Copyright, Access to Plaintiff's Screenplay, and Copying of Plaintiff's Screenplay, which resulted in earlier Rulings in Defendants' Favor, but Denied the Same to Plaintiff concerning all copyright claims.

B. Whether Corporate Defendants Can be Judicially Estopped from Benefitting From Legal Precedent in one Judicial Circuit then Arguing Contrary in Another Circuit in a Copyright Case, Concerning Whether Screenplay Drafts Should be Admitted as Evidence of Factual Copying.

C. Whether Corporate Defendants Can be Judicially Estopped from Benefitting From Legal Precedent in one Judicial Circuit then Arguing Contrary in Another Circuit in a Copyright Case, Concerning The Sufficiency of Maintaining a Copyright Infringement Action Pertaining to a Derivative Work Based n Registration of the Underlying Copyright.

D. Whether the Court Incorrectly Applied a Substantial Similarities Test instead of the Statutory test of Whether Copying was Authorized, in a Case in Which Copying

was Conceded.

E.  Whether the Court Erred in Failing to Apply the Qualitative/Quantitative Copyright Infringement Test in Comparing Different Media, to wit, a Screenplay and an allegedly infringing Motion Picture.

F.  Whether the Court Erred in Usurping the Role of Trier of Fact by Making the Determination, after finding similarities between the Plaintiff's Screenplay and the Allegedly Infringing Movie, that those similarities were Scenes-a-Faire.

G.  Whether the Court Erred in Granting Defendants' Summary Judgement Motion prior to Any Discovery in a Copyright Infringement Case that Necessarily Required Direct and/or Circumstantial Evidence of Copying (Prior Drafts of Screenplays, Deposition testimony and other evidence).

H.  Whether the Court Erred in Failing to Consider a Concession of Copying as Direct Evidence which Necessarily invokes the Statutory Test of Authorization Pursuant to the Copyright Act 17 U.S.C. §101 et seq.  Instead of the Similarities Test applied in Cases Where Copying Can Only be Ascertained Through Indirect/Circumstantial Evidence.

I.  Whether the Court Erred in Failing to Apply Statutory Law Pertaining to Plaintiff's Exclusive Right to Prepare Derivative Works, Where Defendants Conceded Copying and it is Undisputed that They Did Not Obtain Plaintiff's Authorization/Consent to Prepare the Motion Picture Derivative.

J.  Did the Court Err in Failing to Apply Statutory Law that Mandates Summary Judgement for Plaintiff under 17 U.S.C. § 101 et seq After Defendants' Conceded Copying and Did Not Provide an Affirmative Defense to Rebut Plaintiff's Assertion that they Lacked authorization to prepare their Motion Picture derived from Plaintiff's Original Works.

K.  Whether the Court Erred in Prematurely Dismissing Plaintiff's Lanham Act Claim concerning the Motion Picture Derivative in light of the Fact that the Plaintiff's Original Idea and Copyrighted Screenplay were the Basis of the Infringing Motion Picture.

L.  Whether the Court Erred in Finding Defendants Satisfied Their Burden Under Fed. Rule Civ. P. 56(e) By Moving Solely For Summary Judgement On The Declaration of An Attorney Who Lacked Personal Knowledge.

M.  Did the Court Err by Allowing an Attorney to Testify Concerning the Authenticity of a Crucial Piece of Evidence, Namely, Plaintiff's Screenplay, thereby

meets the strict standard for certification. The issues focused on by the Plaintiff do not involve "controlling question[s] of law as to which there is substantial ground for difference[s] of opinion," but instead represent disagreements with the Court about the proper outcome of the past motions, mischaracterizations of the procedural history of this case and the past Orders and Opinions issued by this Court and by Magistrate Judge Pitman, and conclusory allegations that the Court's decisions were somehow contrary to established law. In addition, Plaintiff's arguments provide no support for the conclusion that an immediate appeal from any of the contested orders would materially advance the ultimate termination of this already lengthy litigation.

      Many of the questions Plaintiff raises have previously been the subject of multiple motions she has made before this Court, including various motions for clarification and reconsideration. For example, her questions A, D, H, I and J all revolve, in part, around Plaintiff's assertion that Defendants have unequivocally and for all purposes conceded access to, and copying of, her screenplay by all Defendants. This is an entirely inappropriate grounds for certification for interolocutory appeal, as it does not raise a controlling question of law at all, but simply represents a factual issue on which the Plaintiff disagrees with the Court. As has been explained to Plaintiff in prior rulings by the undersigned and in conferences before the undersigned and before Magistrate Judge Pitman, certain Defendants' prior concession of <u>access</u> to her screenplay was a limited one for purposes of one partial summary judgment motion. See September 14, 2005, Order, noting that "[f]or purposes of the motion practice, the Moving Defendants concede access to Plaintiff's screenplay and do not contest her ownership of a valid copyright in that screenplay"

---

      Shielding Defendants from Proving a Material Question of Access Which Basis alone Created A Disputable Issue of Fact in the Court's Consideration of Defendant's Motion for Summary Judgement.

(Flaherty, 388 F. Supp. 2d at 278), that "the Moving Defendants concede, for purposes of the instant summary judgment motion, that they had access to Plaintiff's screenplay," (id.), and that "[f]or purposes of the instant summary judgment motion, Defendants concede access to Plaintiff's screenplay and also concede that she owns a valid copyright on her screenplay, 'Amoral Dilemma.'" Id. at 286.

Likewise, the Plaintiff's arguments regarding the admissibility of an attorney declaration (see questions L and M) do not present a question as to a controlling issue of law. Such fact-specific issues are, of course, inappropriate for interlocutory appeal. See, e.g., In re Levine, No. 94-44257 (NRB), 2004 WL 764709, at *2 (S.D.N.Y. 2004).

Plaintiff's attempts to demonstrate that other Judges of this District have utilized other standards in analyzing copyright infringement claims (see questions E and F) are similarly unavailing. For example, she cites to a decision on Price v. Fox Entertainment Group, Inc., No. 05 Civ. 5259 (SAS), 2007 WL 241389 (S.D.N.Y. Jan. 27, 2007), and argues that the analysis performed by Judge Scheindlin in Price establishes a "substantial difference of opinion on controlling issues of copyright law" when compared with the analysis performed by the undersigned. (Plaintiff's Motion, 2.) However, both Price and the earlier Opinions in this matter outlined the same standards for analyzing copyright infringement cases at the summary judgment stage. Compare Price, 2007 WL 241389, at *5 with Flaherty, 288 F. Supp. 2d at 286-287. The fact that the ultimate factual determination in Price regarding substantial similarity was different from the outcome reached by the undersigned does not raise a controlling question of law as to which there is substantial ground for difference of opinion.

In any event, even if the Plaintiff were somehow deemed to have met the first

section 1292(b) criterion as to any of her proposed questions for certification, her motion would still fail because she has not demonstrated the requisite substantial ground for difference of opinion or that certification would materially advance the resolution of this litigation. Her papers in support of the instant application merely reiterate arguments she has made in various forms in supporting or opposing several motions decided by this Court, including motions for partial summary judgment, motions for reconsideration and requests for clarification. Her papers in no way demonstrate that grant of her motion will materially advance the ultimate termination of the litigation. If her 13 questions were to be certified, the parties would almost certainly seek to relitigate the host of complex issues that have already consumed hundreds of pages of submissions, hours of argument, multiple lengthy Opinions and Orders and many hours of careful consideration on the part of this Court and Magistrate Judge Pitman. In light of pending, potentially dispositive summary judgment motions in this case, the efficient resolution of this litigation would not be served by authorizing an interlocutory appeal. Accordingly, Plaintiff's motion for certification of an immediate appeal of the Court's aforementioned Orders and for a stay (docket entries 194-196) is denied.

SO ORDERED.

Dated: New York, New York
June 26, 2007

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge