UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARIE FLAHERTY,

        Plaintiff,

    -v-

JASON FILARDI et al.,

        Defendants.

-------------------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  NOV 1 0 2009

No.  03 Civ. 2167 (LTS)(HBP)

## ORDER

Before the Court is Defendants'[1] Motion to Sanction Plaintiff and Hold Her in Civil

Contempt for Willfully Violating the Unambiguous Protective Order ("Motion to Sanction") (docket

entry no. 341).  The motion arises from Plaintiff's public filing and internet postings of documents

and information that had been designated confidential pursuant to a consent protective order, and

proceedings in connection with an order to show cause relating to those filings and postings.

Having considered the arguments and evidentiary submissions of the parties thoroughly, the Court

grants Defendants' motion in part for the reasons set forth below.

### BACKGROUND

The Court makes the following findings of fact.  On November 15, 2005, Magistrate

Judge Pitman, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, endorsed the parties'

Stipulation of Confidentiality and Protective Order ("Protective Order") (docket entry nos. 101 and

---

[1]    The moving Defendants are Jason Filardi, Hyde Park Entertainment, Ashok Amritraj,
David Hoberman, Todd Lieberman, The Walt Disney Company, Buena Vista Motion
Pictures Group, Touchstone Pictures, Dana Owens, 7th Calvary Productions, Inc., Big
House Productions, Inc., Peter Filardi, and Walt Disney Enterprises, Inc.



Copies mailed/~~handed~~ to _Counsel of Record_
Chambers of Judge Swain
          11-10-09

110). The Protective Order was signed by Plaintiff Flaherty, a practicing attorney who is litigating this action pro se, and by counsel for Defendants. It provides that materials produced in discovery may be designated as "Confidential" or "Highly Confidential" by the producing party, and that material so designated ("Confidential Material") can only be used "for purposes directly related to this litigation, including appeals, and not for any other litigation or proceedings or for any business, commercial, competitive, personal or other purpose." (Protective Order ¶¶ 6-7.) The Protective Order also provides that parties must use their "best efforts" to disclose or include Confidential Material in documents submitted to the Court "only when necessary" and that any such submission must be made under seal. (Id. ¶ 14.) It further requires that "[r]easonable precaution" be taken "to prevent the unauthorized or inadvertent disclosure of any privileged or Confidential Information." (Id. ¶ 17.)

The Protective Order has remained in effect at all times since its November 2005 entry. Significantly, the Protective Order explicitly provides that, where a party contests a confidentiality designation, "the designated document or material shall continue to be treated as Confidential or Highly Confidential Information, subject to the provisions of this Protective Order" pending resolution of the dispute. (Id. ¶ 15.) In papers submitted in January 2006 to the Magistrate Judge to whom this action was referred for general pretrial management, Plaintiff requested that the court remove Defendants' confidentiality designations, challenged the Protective Order as "fraudulent," and contended that the Protective Order should be vacated (Ex. B to July 10, 2009 Decl. Of Jonathan B. Oblak (docket entry no. 343); docket entry nos. 126 and 127). These issues were not resolved prior to the entry of judgment in Defendants' favor and Plaintiff's commencement of her appeal to the Second Circuit, in which she challenges the numerous decisions of the undersigned and of the Magistrate Judge in the course of the litigation of the

action, and also purports to appeal the district court's handling of the confidentiality and protective order issues.

In October 2006, Plaintiff filed exhibits to her Declaration in Support of her Motion for Default Judgment (docket entry nos. 167 and 168) in the Court's public file.[2] Notwithstanding the provisions of the Protective Order requiring the filing under seal of Confidential Material, Plaintiff included copies of Confidential Material, including screenplays, a video and paper transcript of Defendant Jason Filardi's deposition, and internal memoranda of Defendants in that public filing, making no request for sealed treatment. In a declaration filed in support of the instant application, Defendants' counsel asserts that Defendants did not learn of the unsealed filing until the summer of 2009, after Plaintiff posted certain entries containing Confidential Material on her publicly accessible internet weblog ("blog"), which she titles "'Bringing Down the House' Copyright Infringement Lawsuit." (July 10, 2009, Decl. Of Jonathan B. Oblak., docket entry no. 343).

On June 28, 2009, after the Court had granted Defendants' application for an Order to Show Cause as to why an order should not be entered directing Plaintiff to cease and desist from breaching the Protective Order, identify her public disclosures of Confidential Materials, and filing certain Confidential Materials under seal, which scheduled a July 1, 2009, hearing on the application (the "OSC"), Flaherty posted on her blog two screenplays written by Defendant Jason Filardi. The posted copies bore the clearly visible marking "Highly Confidential." The screenplays had also been identified specifically in the OSC (docket entry no. 333). Plaintiff was fully aware of

---

[2]    Because this pro se case is not maintained on the Electronic Case Filing system, the filing was made in paper form, with service or courtesy copies delivered to the Court and opposing counsel.

the requirements of the Protective Order when she deliberately placed Confidential Material in the Court's public file, as well as when she posted Confidential Material on the internet. She knew at all relevant times that the filed and posted material was subject to the Protective Order.

## PROCEDURAL HISTORY

The Court's OSC, which was issued on June 23, 2009, directed Plaintiff to show cause as to why an order should not be issued directing her to cease and desist from breaching the Protective Order, submit a sworn statement identifying her public disclosures of information designated "Confidential" or "Highly Confidential" under the Protective Order, any court filings to which she attached material subject to the Protective Order without placing such material under seal and, where she had filed "Confidential" or "Highly Confidential" information under seal, provide proof of such sealing. The OSC also directed Plaintiff to show cause as to why the Confidential Material filed in connection with her Declaration in Support of her Motion for Default Judgment should not be sealed by the Clerk of the Court. On June 26, 2009, Plaintiff submitted a letter to the Court requesting, inter alia, a stay of the OSC pending an application to the Second Circuit concerning the Court's jurisdiction to entertain Defendants' contentions regarding Protective Order violations in light of her pending appeal of the Court's grant of summary judgment in Defendants' favor. The Court denied Plaintiff's requests (docket entry no. 334).

On June 30, 2009, a day before the scheduled July 1, 2009, hearing in connection with the OSC, Defendants wrote to the Court, requesting interim relief because of blog posts made by Plaintiff subsequent to issuance of the OSC that violated the Protective Order. On June 30, 2009, the Court issued an order (docket entry 336) directing Plaintiff to immediately cease and desist from disseminating materials covered by the Protective Order. The Court's June 30, 2009, Order further stated:

> The subject of the July 1, 2009, proceedings will be whether
> Plaintiff has violated the terms of the Stipulation of Confidentiality
> and Protective Order as currently in force. Plaintiff's arguments as
> to whether that Order should be vacated or modified are currently
> before the Second Circuit and will not be taken up by this Court;
> and Plaintiff [must] be prepared to show at the July 1, 2009,
> hearing why she should not be held in contempt and sanctioned for
> failing to comply with the terms of the Stipulation of
> Confidentiality and Protective Order with respect to documents and
> materials designated "Confidential" and "Highly Confidential."

Plaintiff and defense counsel appeared at the July 1, 2009, hearing. Plaintiff argued

that the Magistrate Judge should have vacated the Protective Order pursuant to her timely

objection, but acknowledged that she had filed Confidential Material as unsealed exhibits to her

earlier Declaration, and that she had posted the Confidential Material identified in Defendants'

papers on her blog, all in contravention of the terms of the Protective Order. Plaintiff, who

frequently reminds the Court that she is a practicing attorney as well as a pro se litigant in the

instant matter, was given the opportunity to explain, and to argue, why she should not be held in

contempt of the Protective Order. She argued, instead, that the Protective Order should not have

been maintained in force. The Court, noting Plaintiff's pending appeal and the fact that neither the

Protective Order nor any of the confidentiality designations in question had ever been rescinded,

explained that the purpose of the hearing, as announced in the June 30, 2009, Order, was to

examine her conduct with respect to the outstanding court order, rather than to consider any

challenge to that order. (Order to Show Cause Hr'g Tr. at 4-5, 14, 18.)

Flaherty agreed to remove the deposition excerpt and screenplays from her blog, and

did not object to the Court's announced intention to remove from the public file and seal, without

prejudice to public refiling of the non-confidential portions of the filing, Plaintiff's bound

Declaration and voluminous exhibits in support of her October 5, 2006, motion. (Id. at 24).

Plaintiff requested, and was granted, an additional opportunity to file written opposition on the contempt issue. In that connection, the Court directed Defendants to supplement their application with a further filing specifying the remedies sought and the basis therefor. Defendants filed and served their Motion to Sanction on July 10, 2009. Defendants described Plaintiff's violations of the Protective Order, including those that followed the issuance of the Court's June 23, 2009, OSC. As a remedy for Plaintiff's repeated violations of the Protective Order, Defendants sought a monetary fine against Plaintiff and the award of relevant attorney's fees, under either the Court's authority to sanction a party for violating a discovery order or its inherent contempt powers.

Flaherty's July 27, 2009, opposition to Plaintiff's Motion to Sanction argues, inter alia, that Defendants' contempt application is ill-founded because the subject documents are in the public record. Flaherty fails to mention that these materials were, until later placed under seal by the Court, in the public record due only to Flaherty's own violation of the Protective Order. Her opposition letter reiterates her conclusory assertions, made at the July 1, 2009, hearing, that the Protective Order is fraudulent and should be vacated and that, in any event, she has not violated the Protective Order. Flaherty requested an evidentiary hearing and asserted that her January 2006 challenge to the confidentiality designations is not before the Second Circuit. In a memorandum endorsed order, the Court continued her evidentiary hearing request under advisement (docket entry no. 347). Defendants' reply papers were filed on July 31, 2009. On August 12, 2009, the Court issued an order explaining its view that Plaintiff's January 2006 application regarding the sealing of Confidential Material is currently a subject of Plaintiff's appeal to the Second Circuit and is not before this Court (docket entry no. 350).

## CONCLUSIONS OF LAW

### *Request for Evidentiary Hearing*

In her July 27, 2009, letter in opposition to the Motion to Sanction, Flaherty

requested an additional evidentiary hearing. It is usually the case that "[a] person charged with

civil contempt is entitled to notice of the allegations, the right to counsel, and a hearing at which

the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense."

United States v. City of Yonkers, 856 F.2d 444, 452 (2d Cir. 1988) (reversed in part on other

grounds by Spallone v. U.S., 493 U.S. 265 (1990)). However, a hearing is not required where there

are no material facts in dispute. See N.Y. State Nat'l Org. for Women v. Terry 732 F. Supp. 388,

396 fn.3 (S.D.N.Y. 1990) (reversed in part on other grounds by N.Y. State Nat'l Org. for Women

v. Terry, 961 F.2d 390 (2d Cir. 1992)); see also Sassower v. Sheriff of Westchester County, 824

F.2d 184, 190 (2d Cir. 1987) (where it is clear from unchallenged documentary evidence before

court that vexatious litigant charged with criminal contempt in state court has continually and

willfully disobeyed court orders, evidentiary hearing is not required before defendant may be held

in contempt). Because the facts relating to disclosure of Confidential Materials in violation of the

terms of the Protective Order are not disputed and Flaherty has had the opportunity to appear and

be heard, followed by the opportunity to argue her position in a submission to the Court, the due

process requirements of a civil contempt proceeding have been amply met. Flaherty's request for a

further evidentiary hearing is denied.

### *Civil Contempt Application*

Civil contempt is appropriate to ensure parties' future compliance with court orders

and to compensate a wronged party. The Court's inherent power to hold a party in contempt is a

necessary function for purposes of managing and maintaining order in the efficient and expeditious

administration of justice. Leadsinger, Inc. v. Cole, 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4,

2006) (referencing Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987);

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Federal courts have broad discretion to

fashion remedies necessary to ensure compliance with their orders. See United States v. VISA

U.S.A., Inc., 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007). "[C]ivil contempt sanction[s]

may . . . serve either to coerce the contemnor into future compliance with the court's order or to

compensate the complainant for losses resulting from the contemnor's past noncompliance." N.Y.

State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989). By contrast, it is

inappropriate to use a judgment of civil contempt for purposes that are purely punitive. Sunbeam

Corp. v. Golden Rule Appliance Co., 252 F.2d 467, 469 (2d Cir. 1958) (citing United States v.

United Mine Workers, 330 U.S. 258, 304 (1947)).

    Federal Rule of Civil Procedure 37 provides that "If a party . . . fails to obey an

order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court

where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Discovery

orders such as the Protective Order can be enforced through Rule 37(b). See Schiller v. City of

N.Y., No. 04 Civ. 7921, 2007 WL 1623108, at *3 (S.D.N.Y. June 5, 2007) ("Discovery orders that

can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil

Procedure 26(c)."). Permissible remedial measures include "treating as contempt of court the

failure to obey any order except an order to submit to a physical or mental examination." Fed. R.

Civ. P. 37(b)(2)(A)(vii). Rule 37 also requires an award of attorney's fees incurred as a result of the

failure, unless the failure was substantially justified or other circumstances make an award of

expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

    "A party may be held in civil contempt for failure to comply with a court order if (1)

the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations and citations omitted).

### *The Order*

The Protective Order to which Plaintiff, an attorney, stipulated is clear and unambiguous in its terms. It permitted Defendants to designate documents and information as "Confidential" or "Highly Confidential" and provided that documents so designated were to be filed under seal if used in court submissions, and kept confidential for use only in connection with the litigation, unless the designation as to particular document or documents was withdrawn or vacated in accordance with the procedures established by the Protective Order. The Protective Order and the designations of the documents and information at issue here were in place and were known to Plaintiff at the time Plaintiff made the improper public filings and posted the Confidential Material on her website.

### *Plaintiff's Noncompliance*

The evidence of Plaintiff's willful noncompliance with the confidentiality provisions of the order, including her own admissions of having posted and filed designated materials, is clear and convincing. Although Plaintiff sought relief from the confidentiality obligations as to the materials in accordance with the terms of the order, there is no evidence that she attempted diligently or in a reasonable manner to comply with its terms in her filings and disclosures of the documents while her application was pending and the Protective Order remained in force with respect to the subject documents. Indeed, she posted Confidential Materials on the internet after the Court had issued its OSC. Accordingly, the Court concludes that Defendants'

application for a finding of civil contempt is meritorious, and holds Plaintiff Marie Flaherty in civil contempt of the Protective Order.

Plaintiff's pro se status does not excuse her conduct. "All litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986); see also Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990). Although pro se litigants are generally afforded special solicitude, including in discovery matters, that solicitude "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Plaintiff's conduct is particularly worthy of condemnation in light of her status as an officer of the Court.

### *Appropriate Sanctions*

The party damaged by the conduct warranting civil contempt should be made whole for the harm it has suffered. Therefore, "it is appropriate for the court . . . to award the reasonable costs of prosecuting the contempt, including attorney's fees." Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130-31 (2d Cir. 1979).

Indeed, as previously noted, Rule 37 requires an award of expenses, including attorney's fees, under these circumstances, in that Plaintiff's failure to comply with the Protective Order was not substantially justified and there are no other circumstances that make such an award unjust.

The Court has determined that its contempt finding and an award of Defendants' attorney's fees and other expenses incurred in connection with the OSC and the prosecution of this Motion to Sanction will suffice to address Plaintiff's violations of the Protective Order, the

compensatory purposes of civil contempt, and the remedial purpose of Rule 37. Accordingly, no additional monetary sanction will be imposed.

Defendants must file and serve an affidavit and supporting materials identifying their expenses, including attorney's fees, incurred in connection with the OSC and this Motion to Sanction, by **November 30, 2009**. Plaintiff may file and serve any objection to the expense claim by **December 14, 2009**. Any reply must be filed and served by **January 4, 2010**.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Sanction to the extent that it finds Plaintiff in civil contempt of Court for her violation of the Protective Order and will award Defendants their expenses, including attorney's fees, incurred in connection with the OSC and the prosecution of this Motion to Sanction. The parties are to serve and file further submissions, with courtesy copies provided to Chambers, in accordance with the schedule set forth in the preceding paragraph. This order resolves docket entry no. 341.

SO ORDERED.

Dated: New York, New York
       November 10, 2009

LAURA TAYLOR SWAIN
United States District Judge