UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MARIE FLAHERTY,

        Plaintiff,

  -v-                                                                       No. 03 CV 2167-LTS

JASON FILARDI et al.,

        Defendants.

--------------------------------------------------------x

<u>ORDER IN RESPONSE TO JANUARY 8, 2020, LETTER FROM PLAINTIFF MARIE FLAHERTY</u>

The above-captioned case was closed in this Court in 2009. On March 12, 2012, the United States Court of Appeals for the Second Circuit issued its mandate affirming the judgments and orders of this Court that had been challenged in a series of motions and appeals by the <u>pro se</u> Plaintiff, Marie Flaherty (the "Plaintiff" or "Ms. Flaherty").

The docket for the case, which was highly contentious, reflects 388 entries, 383 of which were made before 2011. The hard-copy public record of this case, which was not on the Electronic Case Filing system, has been transferred to a remote out-of-state federal storage facility. It comprises four boxes of material. The fee for having them returned at the request of a party for inspection is $64 for the first box and $39 for each additional box. Return of the boxes would take approximately three business days.

Documents that were filed under seal by the defendants pursuant to the Stipulation of Confidentiality and Protective Order (the "Stipulation," Docket Entry Nos. 101 and 110), and two filings by the Plaintiff that the Court directed be placed under seal (<u>see</u> Docket Entry No. 339), currently remain in this courthouse.

On January 8, 2020, Ms. Flaherty, after visiting the Clerk's Office and requesting to see the case file, delivered a letter to this Court requesting "access to my case including the sealed documents which appear to be Docket No.s (sic) 337 and 338 (as I also believe that there are other orders, etc. that I may not have been aware)." (Docket Entry No. 386 (emphasis in original).)

The Stipulation, which was never vacated, and which permitted the designation of material produced in discovery as "Confidential" or "Highly Confidential," provides that information so designated can be used "only for purposes directly related to this litigation, including appeals, and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose," and further provides that "[p]hotocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder." (Stipulation at ¶ 13.) It permitted each party's counsel of record to "retain an intact set of documents filed with the Court." (Id. at ¶ 18.) As to court filing of documents, the Stipulation provides:

> All Confidential or Highly Confidential Information filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing such information, shall be filed under seal and kept under seal until removal by the Court or the submitting party. The parties agree that they will use their best efforts to disclose or include Confidential or Highly Confidential Information in documents submitted to the Court only when necessary, and agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal.

(Id. at ¶ 14.) The Court has inspected the sealed filings. It appears that defendants filed certain submissions consisting in part of material designated Confidential or Highly Confidential under seal in their entirety (Docket Entry Nos. 116, 161, 263) and filed certain other submissions under seal that do not appear to include any Confidential or Highly Confidential markings (Docket

Entry Nos. 114, 115 and 140). It is clear from the docket entries, which include motions to strike and submissions in reply to motion papers to which the sealed documents relate, that Ms. Flaherty received contemporaneous service copies of the papers that the Court is holding under seal. As noted above, the parties' Stipulation discouraged, but did not prohibit, the filing of entire submissions that contained information designated Confidential or Highly Confidential. Ms. Flaherty has no standing to complain of the filing of entire documents including confidential information, as it was permitted by the Stipulation to which she assented, which was so-ordered and which has been affirmed by the Second Circuit. (See Docket Entry Nos. 350, 351, 355, 371 and 385.)

Ms. Flaherty challenged the confidentiality designations and the Stipulation in appeals that were subsequently dismissed for failure to comply with scheduling orders. (See Docket Entry Nos. 323, 350, 355, and 371.) In its final Mandate, the Court of Appeals declined to consider, as waived, Ms. Flaherty's attempts "to appeal judgments or orders of the district court that were appropriately the subject of her previous appeals in this Court," and affirmed "the challenged judgments and orders of the district court." (Docket Entry No. 385.)

Ms. Flaherty's letter proffers no information as to the reason for her request for access to the sealed documents, a fact noted in the objection that defense counsel has filed in opposition to her request. (See Docket Entry No. 387.) In light of the restrictive use provisions of the Stipulation and the fact that Ms. Flaherty flagrantly and intentionally violated the Stipulation during the course of the litigation and was held in contempt and sanctioned for doing so (the relevant orders and judgments also having been affirmed by the Second Circuit – see Docket Entry Nos. 350, 351, 355, 371 and 385), caution with respect to Ms. Flaherty's request for access to the documents now, some eight years after the final conclusion of the litigation, is

warranted.  Furthermore, the two sealed filings that Ms. Flaherty specifies in her letter – Docket Entry Nos. 337 and 338 – were specifically ordered by the Court in connection with the contempt proceedings.  They are voluminous bound documents, including documents covered by the Stipulation, that Ms. Flaherty herself had filed on the public docket in violation of the Stipulation.  She later posted the confidential documents on a blog and persisted in that conduct even after court proceedings seeking injunctive relief were under way.  (See Docket Entry No. 351.)  The Court notified her that it would have the complete filings put under seal and gave her permission to refile the non-confidential portions of the submissions on the public docket.  (See Docket Entry No. 339 and Docket Entry No. 351 at 5.)  Ms. Flaherty did not refile the documents in redacted form.  The Court has no basis for confidence that Ms. Flaherty seeks access to the sealed filings for any proper purpose or, indeed, that she has any need for them since she was served with the papers and created some of them herself.

The Court therefore makes the following provisions in response to her request:

If Ms. Flaherty wishes to have the boxes of public filings returned to the Courthouse for her inspection, she should order the boxes from the Open/Closed Records Department in room 370 of the Courthouse and pay the fee of $181 (the sum of $64 for the first box plus $39 for each of the three additional boxes).

To the extent Ms. Flaherty seeks access to the sealed filings (Docket Entry Nos. 114, 115, 116, 140, 161, 263, 337 and 338), she must file an affidavit by **February 10, 2020**, explaining a purpose consistent with the terms of the Stipulation and undertaking to abide by the terms of the Stipulation.  Defendants may make any submission in further opposition to Ms. Flaherty's access request within seven (7) days after her affidavit is docketed.  The Court will

consider the affidavit, and any submission in response thereto, in determining whether, and under what conditions, Ms. Flaherty will be given access to the sealed filings.

Schedule A hereto lists the contents of the sealed filings.

Defense counsel is directed to email a copy of this order to Ms. Flaherty at MarieFlaherty.Writer@gmail.com. Ms. Flaherty is directed to inform the Pro Se Office of any change in her physical address.

SO ORDERED.

Dated: New York, New York
January 24, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:

Marie Flaherty, Esq.
1 Stuyvesant Oval
#12G
New York, NY 10009

# Schedule A

## Flaherty v. Filardi, et al., 03-CV-2167-LTS

## Sealed Documents Chart

**Key:** Confidential – "Conf."

Highly Confidential – "HC"

| Docket Entry No. | Date | Contents | Content Stamped Confidential or Highly Confidential |
|---|---|---|---|
| 114 | 2/14/2006 | Declaration of Jonathan B. Oblak in Opposition to Plaintiff's Motion for Partial Summary Judgment, with Exhibits 1-4 | None |
| 115 | 2/14/2006 | Defendants' Joint Opposition to Plaintiff's Motion for Partial Summary Judgment | None |
| 116 | 2/14/2006 | Declaration of Katy E. Koski in Support of Defendants' Joint Motion to Strike Pro Se Plaintiff's Affirmation in Support of Motion for Partial Summary Judgment, with Exhibits A-C | Exhibit A:<br>1. "Jailbabe.com" Screenplay (HC)<br>2. "Suburban Sista" (HC)<br>3. "In the Houz" Screenplay (Conf.)<br>4. 3/16/00 Email from Disney (HC)<br>5. Talent information sheet (HC)<br>6. Contract for purchase of rights to Jailbabe.com (HC)<br>7. Disney Standard Terms (HC)<br>8. 4/19/00 Fax cover sheet re: Jailbabe.com (HC)<br>9. 6/26/01 Letter re: In the Houze (HC)<br>10. Cover sheet to contract between Disney and Jason Filardi (HC)<br>11. 10/16/01 Cover sheet re: contract between Disney and Jason Filardi (HC)<br>12. 6/18/01 Memo re: In the Houz (HC) |
| 140 | 03/27/2006 | Declaration of Brian M. Tallevi in Support of Defendants' Joint Opposition to | None |

| | | Plaintiff's Motion for Leave to File Second Amended Complaint, with Exhibits 1-8 | |
|---|---|---|---|
| 161 | 09/29/2006 | Declaration of Jeffrey Conciatori in Support of Defendants' Motion for Summary Judgment, with Exhibits A-R | 1. Ex. H: Screenplay of "Jailbabe.com" by Jason Filardi (HC)<br>2. Ex. I: Screenplay of "Suburban Sista" by Jason Filardi (HC)<br>3. Ex. J: Screenplay of "In the Houz" by Jason Filardi (HC) |
| 263 | 10/05/2007 | 1. Declaration of Jonathan B. Oblak in Support of Defendants' Motion for Summary Judgment, with Exhibits A-B<br>2. Declaration of Service<br>3. Supplemental Memorandum of Law in Support of Defendants' Motion for Summary Judgment[1]<br>4. Supplemental Statement Pursuant to Local Rule 56.1 in Support of Defendants' Motion for Summary Judgment<br>5. Supplemental Declaration of Jason Reed in Support of Defendants' Motion for Summary Judgment, with Exhibits A-C<br>6. Supplemental Declaration of Jason Filardi in Support of Defendants' Motion for Summary Judgment, with Exhibits A-D | Exhibits to Jason Filardi's declaration:<br>1. Ex. B: Screenplay of "Jailbabe.com" by Jason Filardi (HC)<br>2. Ex. C:<br>   a. 6/26/00 Memo re: Jailbabe.com (HC)<br>   b. 6/27/00 Letter re: Jailbabe.com (HC)<br>   c. 3/16/00 Contract for the purchase of rights to Jailbabe.com (HC)<br><br>Exhibits to Jason Reed's declaration:<br>1. Ex. B: Screenplay of "Jailbabe.com" by Jason Filardi (HC)<br>2. Ex. C:<br>   a. 6/26/00 Memo re: Jailbabe.com (HC)<br>   b. 6/27/00 Letter re: Jailbabe.com (HC)<br>   c. 3/16/00 Contract for the purchase of rights to Jailbabe.com (HC) |

---

[1] Document No. 3 in Item 263 (the Supplemental Memorandum of Law in Support of Defendants' Motion for Summary Judgment) appears to correspond to Document Entry No. 267 on the public docket.

| 337[2] | | Affirmation of Marie Flaherty in Support of Pro Se Plaintiff's Motion for Default Judgment and Other Sanctions, with Exhibits 1-35 (Vol. 1) | 1. Ex. 1: Screenplay of "Jailbabe.com" by Jason Filardi (HC)<br>2. Ex. 2: Screenplay of "Suburban Sista" by Jason Filardi (HC) |
|---|---|---|---|
| 338 | | Affirmation of Marie Flaherty in Support of Pro Se Plaintiff's Motion for Default Judgment and Other Sanctions, with Exhibits 1-35 (Vol. 2) | 1. Ex. 6: 5/17/00 Disney Memo re: Jailbabe.com (HC)<br>2. Ex. 13: 6/18/01 Memo re: In the Houz (HC)<br>3. Ex. 33: Jason Filardi's Notes (Conf.)<br>4. Ex. 35: Disney "Coverage" Docs (HC) |

---

[2] Items 337 and 338 had previously been filed on the public docket by Ms. Flaherty as Docket Entry Nos. 167 and 168.